MODERN GLOBE, INC. v. EDWARD J. SPELLMAN

No. 7923SC418

(Filed 18 March 1980)

**Constitutional Law § 24.7; Process § 9.1— nonresident individual in another state —insufficient contacts with N.C.—no personal jurisdiction**

Neither the parties' contract nor any activities by defendant provided sufficient minimum contacts with this State so as to give the trial court personal jurisdiction over defendant where the contract in question was entered into outside N.C.; the contract was governed by the law of another state; there was no provision in the contract requiring defendant to perform services within N.C.; defendant performed all services under the contract outside N.C.; and for the life of the contract defendant had not been in N.C. for any purpose.

APPEAL by plaintiff from *Rousseau, Judge*. Judgment entered 16 March 1979 in Superior Court, WILKES County. Heard in the Court of Appeals 5 December 1979.

Plaintiff filed this action for declaratory judgment seeking to have terminated its rights and duties with respect to a contract it entered into with defendant on 11 February 1970. The contract provided that defendant "shall render such consulting and advisory services as may from time to time be requested of him by [plaintiff] Corporation, consistent with the type of services he rendered during his prior employment. . . ." The contract further provided that, although plaintiff's home office and two manufacturing plants were located in North Carolina, defendant was not required to live in North Carolina. As part of his services defendant agreed that during the life of the contract he would reveal to plaintiff's board of directors "all matters coming to his attention pertaining to the business or interest of Corporation." As partial compensation plaintiff maintained an $100,000 life insurance policy on defendant, which was subsequently incorporated on 29 October 1970 into a trust agreement set up with The Northwestern Bank in North Wilkesboro, North Carolina.

On 1 March 1979, defendant moved pursuant to G.S. 1-75.4 and G.S. 1A-1, Rule 12(b)(2) to dismiss the action on the ground that the court lacked jurisdiction over defendant's person. Defendant's motion alleged that plaintiff's action involved "the construction of a contract under the terms of which the defendant is to perform services for the plaintiff." The motion further stated that "defendant is a resident of the State of Connecticut and all services rendered hereunder by the defendant to the plaintiff were rendered in the State of New York and no services were rendered by the defendant to the plaintiff within the State of North Carolina." Defendant, therefore, concluded that the "service of summons upon the defendant was void for the reason that the defendant was beyond the jurisdiction of this Court."

Defendant filed an affidavit dated 5 March 1979 in support of his motion to dismiss, wherein he swore the following:

> Under the terms of this contract I agreed to render certain services to Modern Globe, Inc. from February 16, 1970, until July 31, 1992. My services were to be that of a general advisor and consultant to the management of the plaintiff or any of its subsidiaries and affiliates on all matters pertaining to the business of the corporation. This contract was entered into in the State of New York. No reference was made in the

contract to my rendering services within the State of North Carolina. The services rendered by me to Modern Globe, Inc. under this contract have consisted primarily of advice and consultation regarding the history and background of the corporation. Continually from the time of the execution of this contract, the services rendered by me thereunder were rendered outside the State of North Carolina and were not, at any time, rendered in the State of North Carolina. There were two occasions, in an eight or nine month period, while placing long distance calls to the plaintiff on other matters that I rendered certain advice and consultation during the course of these calls. These calls were placed outside the State of North Carolina and at no time did I come to the State of North Carolina for the purpose of rendering any services under the contract. I am not engaged in any activity within the State of North Carolina and was in the State of Connecticut when I received this summons and complaint in this suit.

In a verified response to defendant's motion to dismiss, plaintiff stated that it had properly served process on defendant pursuant to G.S. 1A-1, Rule 4(j)(9)(b), as evidenced by the registry receipt attached to the motion. Responding to defendant's contention that he performed no services pursuant to the contract in North Carolina, plaintiff averred that "[s]ince all manufacturing facilities of the plaintiff are physically located in the State of North Carolina, and since the management personnel of the corporation are located in the State of North Carolina, any advice or consultation required of the defendant under his February 11, 1970 Agreement would necessarily require the defendant to perform services for the plaintiff within the State of North Carolina." Plaintiff stated that defendant's agreement to perform services within North Carolina is evidenced by the contract provision that defendant would not be required to live in the vicinity of North Wilkesboro, North Carolina. Plaintiff stated further that defendant had contact with North Carolina in that the life insurance policy under which he was insured was handled by Northwestern Bank, and defendant's monthly compensation checks were drawn on the same bank. Plaintiff concluded that it would be impossible for defendant to fulfill the contract terms without coming into contact with plaintiff's physical location in North Carolina.

On hearing, the trial court made findings of fact which were substantially similar to those facts alleged in defendant's affidavit, including the following:

> The contract is silent as to where the duties are to be performed and specifically provides that the defendant is not required to live in the vicinity of New York, New York, or North Wilkesboro, North Carolina. The contract has been in effect for more than nine (9) years and the defendant has not at any time during this period been to the State of North Carolina or rendered any services to the plaintiff within the State of North Carolina. The only services rendered by the defendant to the plaintiff under the contract were rendered outside of the State of North Carolina and the contract itself was entered into outside the State of North Carolina. The contract contains no reference to the defendant rendering services within the State of North Carolina. Defendant has called to the plaintiff's office in the State of North Carolina on two occasions but these were long distance calls placed by the defendant outside the State of North Carolina. Any payments made by the plaintiff to the defendant under the contract cannot be considered as services performed by the defendant within the State of North Carolina.

The court then made the following conclusions of law:

> (1) The contract which is the subject of this action does not provide that the defendant, who is a nonresident of this state, is to perform any services within the State of North Carolina.

> (2) The services rendered by the defendant to the plaintiff under this contract have been performed by the defendant outside the State of North Carolina and no services have been performed by the defendant under this contract within the State of North Carolina.

> (3) The minimum contacts test established by the Supreme Court of the United States in *International Shoe v. Washington*, 326 US 310 have not been met in this case and the defendant has not established sufficient minimum contacts within the State of North Carolina to be subject to the jurisdiction of this Court.

(4) The purported service of summons upon the defendant within the State of Connecticut is not sufficient to subject the defendant to the jurisdiction of this Court.

Plaintiff thereafter appealed pursuant to G.S. 1-277(b).

*McElwee, Hall, McElwee & Cannon, by W. H. McElwee, Wm. H. McElwee III, and William C. Warden, Jr., for plaintiff appellant.*

*E. James Moore for defendant appellee.*

MORRIS, Chief Judge.

The sole question posed for decision is whether the trial court acquired personal jurisdiction over defendant pursuant to G.S. 1-75.4(5) and Rule 4(j) of the North Carolina Rules of Civil Procedure. G.S. 1-75.4 provides, in pertinent part, as follows:

A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:

. . .

(5) Local Services, Goods or Contracts.—In any action which:

(a) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff. . . .

G.S. 1A-1, Rule 4(j), prescribes the manner of service of process in any action where the State has acquired personal jurisdiction by G.S. 1-75.4. The manner of service of process is not disputed.

In order to exercise jurisdiction over a nonresident defendant under these sections, a court must have proper statutory authorization, and its exercise of such jurisdiction must comport with the requirements of due process. *United Buying Group, Inc. v. Coleman*, 296 N.C. 510, 251 S.E. 2d 610 (1979); *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977). We must, therefore, determine whether personal jurisdiction may

be exercised over defendant on the basis of the contract between the parties in this case.

With respect to statutory authorization, we recognize that the provisions of G.S. 1-75.4, commonly referred to as the "long-arm" statute, are to be liberally construed in favor of finding personal jurisdiction. *Munchak Corp. v. Riko Enterprises, Inc.*, 368 F. Supp. 1366 (M.D.N.C. 1973); *Telerent Leasing Corp. v. Equity Assocs., Inc.*, 36 N.C. App. 713, 245 S.E. 2d 229 (1978). This section is only part of a broad legislative attempt to assert personal jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause of the United States Constitution. *Dillon v. Numismatic Funding Corp., supra.* However, in order for G.S. 1-75.4(5)(a) to apply to the contract under consideration, the contract must embody "a promise, made anywhere to the plaintiff" by the defendant "to perform services within this State." Here, the contract required that defendant perform certain consulting services, and in fact defendant did perform such services on two occasions via long distance telephone conversation. However, the contract is silent as to whether those services were to be performed in North Carolina. We need not determine whether the contract is in accord with G.S. 1-75.4(5)(a), since we hold that even if the statute is satisfied here, due process is not.

"[D]ue process, and not the language of the statute, is the ultimate test of 'long-arm' jurisdiction over a nonresident. . . ." *Chadbourn, Inc. v. Katz*, 285 N.C. 700, 706, 208 S.E. 2d 676, 680 (1974). The due process doctrine requires that in order to subject a nonresident defendant to a judgment *in personam*, he must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice". *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102, 66 S.Ct. 154, 158 (1945); *United Buying Group, Inc. v. Coleman, supra; Dillon v. Numismatic Funding Corp., supra; Telerent Leasing Corp. v. Equity Assocs., Inc., supra.* In determining whether there are sufficient minimum contacts to invoke *in personam* jurisdiction, the interests of and fairness to both plaintiff and defendant must be carefully weighed and considered. *Dillon v. Numismatic Funding Corp., supra.* We find language from *Farmer v. Ferris*, 260 N.C. 619, 625, 133 S.E. 2d 492, 497 (1963), pertinent:

Whether the type of activity conducted [by defendant] within the State is adequate to satisfy the requirements [of due process] depends upon the facts of the particular case. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 445, 96 L.Ed. 485, 492. It seems . . . that the question cannot be answered by applying a mechanical formula or rule of thumb, but by ascertaining what is fair and reasonable and just in the circumstances. In the application of this flexible test, a relevant inquiry is whether defendant engaged in some act or conduct by which [he] may be said to have invoked the benefits and protections of the law of the forum. *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L.Ed. 2d 1283, 1298; *International Shoe Co. v. Washington, supra*, U.S. p. 319, L.Ed. p. 104.

*See also Parris v. Garner Commercial Disposal, Inc.*, 40 N.C. App. 282, 253 S.E. 2d 29, *cert. denied and appeal dismissed*, 297 N.C. 455, 256 S.E. 2d 808 (1979). Absent such purposeful activity by defendant in the forum State, there can be no contact sufficient to justify personal jurisdiction over defendant. *United Buying Group, Inc. v. Coleman, supra.*

This lawsuit revolves around defendant's alleged connection with North Carolina. It is well settled that a single contract can provide the basis for the exercise of jurisdiction over a nonresident defendant. *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, 2 L.Ed. 2d 223, 226, 78 S.Ct. 199, 201 (1957) (Where the Court said: "It is sufficient for purposes of due process that the suit [is] based on a contract which [has] substantial connection with [the forum] State."); *Chadbourn, Inc. v. Katz, supra; Byrum v. Register's Truck & Equip. Co.*, 32 N.C. App. 135, 231 S.E. 2d 39 (1977). However, it remains essential that "there be some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State. . . ." *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L.Ed. 2d 1283, 1298, 78 S.Ct. 1228, 1240 (1958). In our opinion, neither the contract in dispute nor any activities by defendant provide sufficient minimum contacts with this State so as to satisfy the requirements of due process. The findings of fact make it clear that the contract was entered into outside of North Carolina; that the contract is governed by the law of another state; that there is no provision in the contract requiring defendant to perform services within North Carolina; that defendant has performed all services under the contract outside

of North Carolina; and that for the life of the contract defendant has not been in this State for any purpose. These findings are supported by competent evidence and are, therefore, conclusive on appeal. *Goldman v. Parkland of Dallas, Inc.*, 277 N.C. 223, 176 S.E. 2d 784 (1970). Therefore, defendant's connection with the State of North Carolina is far too attenuated, under the standards implicit in the Due Process Clause of the Constitution, to justify imposing upon him the "burden and inconvenience" of defense in North Carolina. *See Kulko v. California Superior Court*, 436 U.S. 84, 56 L.Ed. 2d 132, 98 S.Ct. 1690, *rehearing denied*, 438 U.S. 908, 57 L.Ed. 2d 1150, 98 S.Ct. 3127 (1978). We hold that the trial court properly dismissed plaintiff's action for want of personal jurisdiction.

The judgment entered thereon is hereby

Affirmed.

Judges PARKER and HILL concur.