KAPLAN SCHOOL SUPPLY CORPORATION, PLAINTIFF v. HENRY WURST, INC., HENRY WURST, INC.—RALEIGH AND H. R. WURST, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. PRECISION SERVICE AND SUPPLY, INC., AND PRECISION GAMES, INC., THIRD-PARTY DEFENDANTS

No. 8121SC667

(Filed 6 April 1982)

Constitutional Law § 24.7; Process § 9.1—foreign corporations—personal jurisdiction—insufficient minimum contacts

> The third-party defendants had insufficient contacts with North Carolina to permit the courts of this State to assert *in personam* jurisdiction over them in an action to recover damages for the allegedly defective printing, binding and mailing of plaintiff's sales catalogs where the third-party defendants are foreign corporations which carry on no activity whatsoever in North Carolina; their contract to prepare plaintiff's sales catalogs was solely with the third-party plaintiff, a Missouri corporation, and the payment for their work was to be from the third-party plaintiff; the binding, printing and addressing of the catalogs was done by third-party defendants solely in Iowa for the Missouri third-party plaintiff; and the plaintiff had no contact whatsoever with the third-party defendants.

APPEAL by third-party defendants from *Wood, Judge.* Order entered 23 April 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals on 3 March 1982.

This appeal arises out of the denial of third-party defendants' motion to dismiss, for lack of personal jurisdiction, the third-party complaint filed against them.

The relevant facts disclosed by the record are as follows:

Plaintiff Kaplan School Supply, which is not a party to this appeal, is a North Carolina corporation with its principal place of business in Forsyth County. Defendant, third-party plaintiff Henry Wurst, Inc. is a Missouri corporation with its principal place of business in Missouri. Defendant, third-party plaintiff Henry Wurst, Inc.—Raleigh, is a North Carolina corporation with its principal place of business in North Carolina. Third-party defendant Precision Service and Supply is incorporated in Nebraska and maintains its principal place of business in Council Bluffs, Iowa. Third-party defendant Precision Games is an Iowa corporation with its principal place of business in Council Bluffs, Iowa.

Plaintiff entered into a contract with defendants whereby defendants would print, assemble, affix address labels to, and mail or ship plaintiff's sales catalogs. Defendant, third-party plaintiff Henry Wurst, Inc. subcontracted with the third-party defendants whereby the third-party defendants agreed to print the catalog covers, bind the catalogs, affix the address labels to the catalogs, and mail or ship them.

On 2 January 1980, plaintiff filed a complaint against defendant Henry Wurst, Inc.—Raleigh and Henry Wurst, Inc., seeking damages in tort and for breach of contract pertaining to the allegedly defective preparation of plaintiff's sales catalogs. Defendants answered and filed a third-party complaint against the third-party defendants, seeking indemnity and reimbursement from the third-party defendants for any sums that might be adjudged against defendants in favor of plaintiff Kaplan School Supply as a result of plaintiff's tort and contract action. On 20 March 1980, third-party defendants moved to dismiss the third-party complaint on the grounds that third-party defendants were not subject to *in personam* jurisdiction in North Carolina.

Third-party defendants have never qualified to do business in, had an office in, or appointed an agent for service of process in the State of North Carolina. They have never owned assets in, solicited any business in, conducted any sales activity in, or advertised in the State of North Carolina. They have never paid any tax to or filed a corporate tax return with the State of North Carolina. Third-party defendants are in the business of doing printing, binding, and mailing work for other printing companies, pursuant to subcontracts. Third-party defendants have never contracted with any company located in North Carolina to do any kind of printing, binding, or mailing work.

Defendant, third-party plaintiff Henry Wurst, Inc. (hereinafter referred to as the "Missouri third-party plaintiff") made the initial contact with third-party defendants with respect to the formation of the subcontract to prepare and mail plaintiff's sales catalogs. This contact was a call from the Missouri third-party plaintiff, from its offices in Missouri, to the offices of third-party defendants in Iowa. During the negotiations for the subcontract, third-party defendants never had any dealings with plaintiff Kaplan and never entered North Carolina to negotiate or discuss

the contract. Third-party defendants' negotiations for the subcontract were held solely with the Missouri third-party plaintiff, and the subcontract was solely between the Missouri third-party plaintiff and third-party defendants.

Pursuant to their subcontract with the Missouri third-party plaintiff, third-party defendants shipped unbound catalog material from third-party plaintiff's Missouri offices to Iowa, where third-party defendants bound the printed material, printed the catalog covers, and affixed the address labels to the finished catalogs. Of those catalogs, some were loaded on postal trailers brought to third-party defendants' Iowa plant and provided by the post office; these catalogs were to be mailed to their designated addresses, and 7,326 were to be mailed to addresses in North Carolina. Other catalogs, numbering 38,117, were loaded on commercial trucks in Iowa and shipped to plaintiff Kaplan in North Carolina. Earlier, samples of the completed catalogs were sent via air freight by third-party defendants to plaintiff Kaplan. No one from the third-party defendants left Iowa or entered North Carolina to deliver the catalogs. Third-party defendants' shipping instructions came from the Missouri third-party plaintiff and the only revenues third-party defendants anticipate from their work on the subcontract is payment they hope to receive from the Missouri third-party plaintiff.

The trial court, "after having reviewed and considered the pleadings, motion, affidavits, depositions and answers to interrogatories filed by the parties," made findings of fact and conclusions of law, including the following:

> By contracting to print and bind the catalogs of a North Carolina business, to send samples of the catalog to the North Carolina business in Winston-Salem, North Carolina, to mail thousands of copies of the catalog to North Carolina addresses and to ship to the Plaintiff in North Carolina a substantial quantity of the catalogs, the Third Party Defendants have the necessary "minimum contacts" with North Carolina to support the exercise of personal jurisdiction over them by this Court in an action based upon a claim arising from those contacts.

The trial court thereupon denied the third-party defendants' motion to dismiss for lack of personal jurisdiction. Third-party defendants appealed.

*Womble, Carlyle, Sandridge & Rice, by Jimmy H. Barnhill and Francis C. Clark, for third-party plaintiff appellees.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by C. T. Leonard, Jr. and Reid L. Phillips, for third-party defendant appellants.*

HEDRICK, Judge.

The sole question presented by this appeal is whether the trial court erred in denying third-party defendants' motion to dismiss the third-party complaint for lack of personal jurisdiction.

The resolution of the question of *in personam* jurisdiction involves a two-fold determination: (1) do the statutes of North Carolina permit the courts of this jurisdiction to entertain this action against third-party defendants, and (2) does the exercise of this power by the North Carolina courts comport with due process of law. *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977). Both questions must be answered in the affirmative before *in personam* jurisdiction may be asserted over a nonresident defendant.

"The first of these considerations is easily met." *Mabry v. Fuller-Shuwayer Co.*, 50 N.C. App. 245, 248, 273 S.E. 2d 509, 511, *disc. rev. denied*, 302 N.C. 398, 279 S.E. 2d 352 (1981). G.S. § 1-75.4, commonly referred to as the "long-arm" statute, is a legislative attempt to allow the courts of this State to assert *in personam* jurisdiction to the full extent permitted by the Due Process Clause of the United States Constitution, and is accorded a liberal construction in favor of finding personal jurisdiction, subject only to due process limitations. *Phoenix America Corp. v. Brissey*, 46 N.C. App. 527, 265 S.E. 2d 476 (1980); *Dillon v. Numismatic Funding Corp., supra.* Since the requisite statutory authorization for personal jurisdiction is coextensive with federal due process, the critical inquiry in determining whether North Carolina may assert *in personam* jurisdiction over a defendant is whether the assertion thereof comports with due process. *Mabry v. Fuller-Shuwayer Co., supra; Phoenix America Corp. v. Brissey,*

*supra; Parris v. Garner Commercial Disposal, Inc.*, 40 N.C. App. 282, 253 S.E. 2d 29, *disc. rev. denied and appeal dismissed*, 297 N.C. 455, 256 S.E. 2d 808 (1979).

The due process clause makes the exercise of personal jurisdiction over a defendant contingent on there being some act by which defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws. *United Buying Group, Inc. v. Coleman*, 296 N.C. 510, 251 S.E. 2d 610 (1979). "Due process requires that a nonresident defendant have certain minimum contacts with the forum state such that the maintenance of the suit [in the forum state] does not offend 'traditional notions of fair play and substantial justice.'" *Phoenix America Corp. v. Brissey, supra* at 530, 265 S.E. 2d at 479.

In the present case, third-party defendants carry on no activity whatsoever in North Carolina. They have never contracted with any company located in North Carolina to do any kind of printing, binding, or mailing work. Their contract to prepare plaintiff's sales catalogs was solely with the Missouri third-party plaintiff, and the payment for their work was to be from the Missouri third-party plaintiff. The binding, printing, and addressing of the catalogs was done by third-party defendants solely in Iowa for the Missouri third-party plaintiff. The plaintiff, Kaplan, insofar as this record discloses, had no contact whatsoever with the third-party defendants. Indeed, there is nothing in this record to indicate that Kaplan knew or had reason to know that the Missouri third-party plaintiff had subcontracted any part of the work to anyone. There is no reason on this record for the North Carolina courts to exercise personal jurisdiction over the third-party defendants and become involved in a controversy which is solely between residents of two foreign states. Hence, as in *Modern Globe, Inc. v. Spellman*, 45 N.C. App. 618, 625, 263 S.E. 2d 859, 864, *disc. rev. denied*, 300 N.C. 373, 267 S.E. 2d 677 (1980), the third-party defendants' "connection with the State of North Carolina is far too attenuated, under the standards implicit in the Due Process Clause of the Constitution, to justify imposing upon [them] the 'burden and inconvenience' of defense in North Carolina."

We hold that the trial court erred in denying third-party defendants' motion to dismiss the third-party complaint for lack of *in personam* jurisdiction.

Reversed and remanded.

Chief Judge MORRIS and Judge VAUGHN concur.