DEBORAH FRANCIS COCHRAN v. CHARLES WALLACE

No. 8818DC1150

(Filed 15 August 1989)

1. **Process § 9— paternity action—nonresident defendant— personal jurisdiction pursuant to N.C.G.S. § 49-17**

    There was no merit to defendant's contention that the lower court erred in finding that it had personal jurisdiction over him pursuant to N.C.G.S. § 49-17 because that statute is unconstitutional on its face in that it predetermines the standard for minimum contacts, since the intent of the statute is not to abrogate the second prong of the test set out in *Dillon v. Funding Corp.*, 291 N.C. 674; rather, the statute simply creates special jurisdiction under very limited circumstances in paternity actions.

2. **Process § 9.1— paternity action—nonresident defendant—no hearing to determine contacts with North Carolina—due process rights not violated**

    There was no merit to defendant's contention that the trial court violated his due process rights by deciding that it had personal jurisdiction over him without affording him a hearing to determine his contacts with North Carolina and whether those contacts were sufficient to meet due process re-

quirements, since defendant filed a motion to dismiss for lack of personal jurisdiction; that motion came on for hearing at which time defendant was given ample opportunity to present evidence to persuade the court to grant his motion; it was then that defendant was expected to vigorously challenge the court's exercise of jurisdiction over him; defendant chose to forego this opportunity to present evidence and instead challenged the statute's constitutionality; and defendant was not entitled to another hearing.

APPEAL by defendant from *Vaden (William A.), Judge.* Judgment entered 29 June 1988 in District Court, GUILFORD County. Heard in the Court of Appeals 7 June 1989.

*Adams Kleemeier Hagan Hannah & Fouts, by Clinton Eudy, Jr. and Trudy A. Ennis, for plaintiff-appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Dolores D. Follin and Polly D. Sizemore, for defendant-appellant.*

ORR, Judge.

On 27 January 1988, plaintiff filed this paternity action. She alleged that she is single, a resident of North Carolina and that she has never been married. On 5 April 1985, while she and defendant were both employed by the Radisson Hotel in High Point, North Carolina, they engaged in a single act of sexual intercourse. The encounter, which took place at the home of an acquaintance in Guilford County, allegedly resulted in the birth of a child on 10 January 1986 in Greensboro, North Carolina. Plaintiff's complaint prayed for an adjudication that defendant is the father of her child. Plaintiff also requested permanent custody and child support for past and future expenses.

Defendant's answer admitted that he was a resident of North Carolina for a minimum of six months from the period of 1984 through April 1985. He also admitted the single act of intercourse but denied paternity. Furthermore, he contended that he is now a resident of Naples, Florida, and that North Carolina does not have personal jurisdiction over him. Defendant then moved for a dismissal of plaintiff's action pursuant to G.S. 1A-1, Rules 12(b)(2) and (6).

In the hearing, the court reviewed all materials submitted by each party. The court made the following findings of fact to which defendant did not except:

1. Based on plaintiff's allegations in her complaint and defendant's admissions in his answer, the Court finds that defendant was a citizen and resident of Guilford County, North Carolina, for a minimum of six months during the period 1984 through April 1985.

2. Based on plaintiff's allegations in her complaint and defendant's admissions in his answer, the Court finds that during the period of defendant's residence in Guilford County, North Carolina, he was an employee of the Radisson Hotel in High Point, North Carolina.

3. Based on plaintiff's allegations in her complaint and defendant's admissions in his answer, the Court finds that Defendant was the Director of Food and Beverage at the Radisson Hotel in High Point, North Carolina.

4. Based on plaintiff's allegations in her complaint and defendant's admissions in his answer, the Court finds that the parties had sexual intercourse on April 5, 1985, in High Point, Guilford County, North Carolina.

5. Based on plaintiff's allegations in her verified complaint and her attachment of a certified copy of the birth certificate of Williams Cochran, III, as Exhibit A to her Complaint and adoption therein by reference, the Court finds that Williams Cochran, III, plaintiff's son, was born on January 10, 1986, in Greensboro, Guilford County, North Carolina.

6. In his answer to plaintiff's complaint, defendant moved the court to dismiss plaintiff's complaint pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure, alleging that this court lacked jurisdiction over the person of the defendant because defendant had not had sufficient minimum contact with the State of North Carolina to satisfy standards of due process and traditional notions of fair play and substantial justice.

7. Plaintiff then filed a motion moving this court to deny defendant's motion to dismiss for lack of personal jurisdiction and showed unto the Court certain facts contained in the pleadings in support thereof.

COCHRAN v. WALLACE

[95 N.C. App. 167 (1989)]

Based upon these findings, the court made the conclusions set forth below:

>    1. This court has jurisdiction over the person of defendant pursuant to N.C. Gen. Stat. [sec.] 49-17.

EXCEPTION No. 1

>    2. The assertion of the Court's jurisdiction over the person of the defendant under these circumstances as set forth in the foregoing FINDINGS OF FACT satisfies the standards of due process and traditional notions of fair play and substantial justice.

EXCEPTION No. 2

>    3. Plaintiff has shown the existence of facts as outlined in the foregoing FINDINGS OF FACTS and, pursuant to N.C. Gen. Stat. [sec.] 49-17, no further hearing is required on the issue of whether defendant would be denied due process by the Court's assertion of jurisdiction over his person.

EXCEPTION No. 3

The defendant's motion should, consequently, be denied.

EXCEPTION No. 4.

I.

[1] Defendant's first argument, which essentially challenges the court's first conclusion, is that the lower court erred in finding that it had personal jurisdiction over him pursuant to G.S. 49-17 because that statute is unconstitutional on its face. Specifically, defendant contends that G.S. 49-17 pre-determines the standard for minimum contacts; therefore, it violates his Fourteenth Amendment Due Process right to a hearing on that issue. Moreover, he contends that the statute violates the two-part test for determining whether personal jurisdiction is proper as set out in the case of *Dillon v. Funding Corp.*, 291 N.C. 674, 231 S.E.2d 629 (1977).

In *Dillon*, our Supreme Court set up a two-part test to determine questions regarding the exercise of personal jurisdiction over nonresident defendants. The Court said, "[t]he resolution of this question involves a two-fold determination. First, do the statutes of North Carolina permit the courts of this jurisdiction to entertain this action against defendant. If so, does the exercise of this power

by the [State] courts violate due process of law." *Id.* at 675, 231 S.E.2d at 630. The court below focused on G.S. 49-17 and concluded that the first part of the *Dillon* test was met.

G.S. 49-17, entitled "Jurisdiction over nonresident or nonpresent persons.", states:

> (a) The act of sexual intercourse within this State constitutes sufficient minimum contact with this forum for purposes of subjecting the person or persons participating therein to the jurisdiction of the courts of this State for actions brought under this Article for paternity and support of any child who may have been conceived as a result of such act.

> (b) The jurisdictional basis in subsection (a) of this section shall be construed in addition to, and not in lieu of, any basis or bases for jurisdiction within G.S. 1-75.4.

We find that the court's conclusion is correct. G.S. 49-17 satisfies the first prong of the *Dillon* test by creating special jurisdiction under very limited circumstances. On its face, this statute is constitutionally sound. In the absence of some clear showing of unconstitutionality by defendant, we must defer to our long-standing rule that when the constitutionality of a statute is challenged, "every presumption is to be indulged in favor of its validity." *Martin v. Housing Corp.*, 277 N.C. 29, 41, 175 S.E.2d 665, 671 (1970).

Although we recognize that the language in G.S. 49-17 which refers to "minimum contacts" is misleading and confusing in the context of the *Dillon* requirements, we conclude that the intent of the statute is not to abrogate the second prong of the *Dillon* test. Rather, the statute simply creates special jurisdiction in situations arising out of these facts.

## II.

[2] Defendant's second issue relates to whether the court violated his due process rights by deciding that it had personal jurisdiction over him without affording him a hearing to determine his contacts with North Carolina. The final question raised by this appeal is whether the court erred in refusing to give defendant a hearing on whether his contacts with North Carolina were sufficient to meet due process requirements. For the purpose of this opinion, we will combine these issues and consider them together.

COCHRAN v. WALLACE

[95 N.C. App. 167 (1989)]

Defendant's challenge here relates to the second prong of the two-part *Dillon* test. The lower court was required to determine whether "defendant [had] certain minimum contacts with the forum state such that the maintenance of the suit [in the forum state] does not offend 'traditional notions of fair play and substantial justice.'" *Kaplan School Supply v. Henry Wurst, Inc.*, 56 N.C. App. 567, 571, 289 S.E.2d 607, 609, 610, *rev. denied*, 306 N.C. 385, 294 S.E.2d 209 (1982).

Defendant filed a motion to dismiss for lack of personal jurisdiction. That motion came on for hearing at which time defendant was given ample opportunity to present evidence to persuade the court to grant his motion. It was then that defendant was expected to vigorously challenge the court's exercise of jurisdiction over him because at that time the court made findings as to its statutory authority to exercise jurisdiction and as to defendant's contacts with our forum. Defendant chose to forego this opportunity to present evidence and instead challenged the statute's constitutionality. This was a tactical decision which defendant made with full knowledge of its consequences.

His contention that he was entitled to another hearing is not only unsupported but it is illogical as well. Defendant has not directed us to any authority which would have granted him a right to a hearing beyond the one which he received. Furthermore, it appears that an additional hearing would have been an unnecessary waste of time and money. Defendant has not argued that he would have had any additional evidence to put on at a second hearing. Nor has he argued that he has in his possession any evidence which would negate North Carolina's exercise of jurisdiction over him. The trial court adequately inquired into the defendant's contacts with this State and so set those findings out in its order, without objection of the defendant. Consequently, we find that the hearing which was held comports with all due process requirements.

Our decision is further supported by the fact that our courts have a legitimate interest in protecting our citizens under circumstances such as these. Moreover, it can neither be said that it is unfair or unduly inconvenient to require defendant to defend this action in our forum. All of the crucial witnesses and the material evidence are situated within North Carolina. *See Trust Co. v. Eways*, 46 N.C. App. 466, 265 S.E.2d 637 (1980).

Affirmed.

Judges EAGLES and PARKER concur.