SANJAY LULLA, PLAINTIFF-APPELLEE v. EFFECTIVE MINDS, LLC, AND MANIKA GULATI, DEFENDANTS-APPELLANTS

No. COA06-1059

(Filed 19 June 2007)

**1. Appeal and Error— appealability—personal jurisdiction**

An immediate appeal from an adverse ruling on jurisdiction over the person is interlocutory but expressly provided for by N.C.G.S. § 1-277(b).

**2. Jurisdiction— personal—insufficient minimum contacts**

The trial court erred by concluding that defendants had the minimum contacts necessary to sustain personal jurisdiction where there was a contract between a resident of North Carolina, defendant Effective Minds, and a company located in North Carolina. The contract provided that it would be governed by Delaware law, and nothing reveals where it was entered into. Nothing specified that work was to be performed in North Carolina, and an affidavit indicated that the personnel involved in the project did not originate in North Carolina and that the work was performed in other states.

Appeal by Defendants from order entered 19 May 2006 by Judge Kenneth C. Titus in Superior Court, Wake County. Heard in the Court of Appeals 15 March 2007.

*Adams, Portnoy & Berggren, PLLC, by Douglas E. Portnoy, for Plaintiff-Appellee.*

*Maupin Taylor, P.A., by Camden R. Webb and Robert W. Shaw, for Defendants-Appellants.*

McGEE, Judge.

Sanjay Lulla (Plaintiff) filed a complaint against Effective Minds, LLC (Effective Minds) and Manika Gulati (Gulati) (collectively Defendants) on 7 February 2006, alleging breach of contract and unjust enrichment. Defendants moved to dismiss for lack of personal jurisdiction pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2). The trial court denied the motion on 19 May 2006. Defendants appeal.

In his complaint, Plaintiff alleged the following: Plaintiff was a citizen and resident of Wake County, North Carolina. Effective Minds

was organized in Delaware and had its principal office in New York, New York. Gulati was a resident of Manhattan, New York. Gulati formed Effective Minds on 4 April 2003 and was its sole shareholder, director, and officer. As of February 2004, Gulati was a contract employee at a company called Cadbury Adams. Cadbury Adams informed Gulati of its need for a vendor to "migrate," or relocate, one of its systems from New Jersey to Texas by April 2004 (the migration project).

Plaintiff also alleged that Gulati contacted him on 11 February 2004 and asked Plaintiff to become her partner. Gulati told Plaintiff that, because of Gulati's employment with Cadbury Adams, she could not submit a bid on the migration project. However, she would hire Plaintiff as an employee of Effective Minds so that Effective Minds could bid on the migration project, as well as future projects. As part of this arrangement, Gulati offered to pay Plaintiff fifty percent of any profit realized by Effective Minds. Plaintiff and Gulati agreed that Effective Minds could not perform the work necessary to complete the migration project, so they would need to hire a subcontractor with the necessary skills. Some time later in February 2004, Plaintiff received the specifications of the migration project from Gulati. Plaintiff then located a subcontractor, Strategic Technologies, Inc. (STI) based in Cary, North Carolina to perform the work.

Plaintiff further alleged that on 4 March 2004, while acting as chief executive officer of Effective Minds, he entered into an agreement with STI. In the agreement, STI agreed to perform the migration project, and Effective Minds agreed to pay STI for the work. Effective Minds submitted a bid to Cadbury Adams for the migration project and was awarded the contract. Between 8 March and 16 April 2004, STI, under Plaintiff's supervision, performed the work required to complete the migration project. Cadbury Adams paid Effective Minds more than $400,000.00 and Effective Minds realized a profit of $120,000.00. Plaintiff made demand on Defendants for $60,000.00. Gulati refused to pay Plaintiff. Pursuant to their purported contractual agreement, Plaintiff alleged he was entitled to recover $60,000.00. Plaintiff also alleged an unjust enrichment claim as an alternative claim for relief.

In response, Defendants filed a motion to dismiss the complaint on 27 March 2006 for lack of personal jurisdiction. Defendants asserted that neither Effective Minds nor Gulati had sufficient minimum contacts with the State of North Carolina to form the basis for personal jurisdiction under N.C. Gen. Stat. § 1-75.4, or the due proc-

ess clause of the Fourteenth Amendment to the United States Constitution. In the alternative, Defendants moved to stay the proceedings pursuant to N.C. Gen. Stat. § 1-75.12, contending that North Carolina was not a convenient forum for litigation of the dispute. In support of the motion to dismiss, Defendants attached Gulati's sworn affidavit. In her affidavit, Gulati stated she had no contacts with North Carolina. She also stated that the sole office of Effective Minds was in New York, and that Effective Minds had never conducted business in North Carolina. Further, Gulati denied that Plaintiff was a partner at Effective Minds and denied having any agreement with Plaintiff regarding the migration project. She stated that the migration project was run entirely from the New York office of Effective Minds, with some travel to New Jersey, and some services performed in Texas. Defendants admitted that Effective Minds had transacted some business with STI, but contended that the business was transacted outside of North Carolina, and that the contract workers who performed those services did not originate in North Carolina, nor did they perform the services in North Carolina. Defendants also admitted that Effective Minds transacted some business with Dynpro, a business based in North Carolina, but stated that all such business was transacted outside North Carolina. Defendants denied purposefully directing commercial activities toward North Carolina or engaging in continuous and systematic contacts with North Carolina.

Also attached to Defendants' motion to dismiss was a copy of the subcontractor agreement between Effective Minds and STI. The subcontractor agreement was signed by Plaintiff, as chief executive officer for Effective Minds, and was dated 4 March 2004. The agreement provided that it was to be governed by Delaware law.

In an order filed 19 May 2006, the trial court denied Defendants' motion to dismiss or stay the proceedings. The trial court found as fact that "Plaintiff was solicited to perform services in North Carolina including entering into an agreement with a North Carolina company on behalf of Defendants." The trial court further found that "the contacts that Defendants had with North Carolina [were] sufficient to establish personal jurisdiction over Defendants." The trial court then concluded that Plaintiff had shown that N.C. Gen. Stat. § 1-75.4(5) permitted the exercise of personal jurisdiction over Defendants, and that Plaintiff had shown sufficient minimum contacts to meet the requirements of due process. The trial court also concluded that Wake County was a convenient forum to litigate the dispute. Defendants appeal.

**[1]** Initially, we note that although this appeal is interlocutory, N.C. Gen. Stat. § 1-277(b) (2005) provides for "immediate appeal from an adverse ruling as to the jurisdiction of the court over the person[.]" Therefore, this appeal is properly before us.

**[2]** It is well-established that whether a court may exercise personal jurisdiction over a nonresident defendant involves a two-step inquiry. *See, e.g., Corbin Russwin, Inc. v. Alexander's Hdwe., Inc.*, 147 N.C. App. 722, 724, 556 S.E.2d 592, 595 (2001). First, N.C. Gen. Stat. § 1-75.4, North Carolina's "long arm" statute must confer personal jurisdiction over a defendant. *Id.* Second, the exercise of personal jurisdiction over a defendant must not violate the defendant's due process rights. *Id.* "To comport with due process, the defendant must have minimum contacts in the forum state." *Id.* The United States Supreme Court has held that minimum contacts must be such that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283 (1940)).

North Carolina's long arm statute

is liberally construed to find personal jurisdiction over nonresident defendants to the full extent allowed by due process. Accordingly, when evaluating the existence of personal jurisdiction pursuant to [this statute], the question of statutory authorization collapses into the question of whether [the defendant] has the minimum contacts with North Carolina necessary to meet the requirements of due process.

*Jaeger v. Applied Analytical Indus. Deutschland GMBH*, 159 N.C. App. 167, 171, 582 S.E.2d 640, 644 (2003) (internal citations and quotations omitted) (second alteration in original). Our Supreme Court has stated that the "relationship between the defendant and the forum must be 'such that [the nonresident defendant] should reasonably anticipate being haled into court there.'" *Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 365-66, 348 S.E.2d 782, 786 (1986) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501 (1980)).

In the present case, the trial court found that "the contacts that Defendants had with North Carolina [were] sufficient to establish personal jurisdiction over Defendants." The trial court concluded that Plaintiff had shown the minimum contacts necessary to meet the

requirements of due process. However, we disagree as to both Effective Minds and Gulati. "While a trial court's findings of fact are binding if supported by sufficient evidence, its conclusions of law are reviewable *de novo* on appeal." *Starco, Inc. v. AMG Bonding and Ins. Services*, 124 N.C. App. 332, 336, 477 S.E.2d 211, 215 (1996). In a situation where a defendant submits evidence to counter the allegations in a plaintiff's complaint, those allegations can no longer be taken as true and the plaintiff can no longer rest on the allegations. *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615-16, 532 S.E.2d 215, 218, *disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000). In such a case,

> [i]n order to determine whether there is evidence to support an exercise of personal jurisdiction, the [trial] court then considers (1) any allegations in the complaint that are not controverted by the defendant's affidavit and (2) all facts in the affidavit (which are uncontroverted because of the plaintiff's failure to offer evidence).

*Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc.*, 169 N.C. App. 690, 693-94, 611 S.E.2d 179, 182-83 (2005).

To determine whether sufficient minimum contacts exist between a defendant and North Carolina requires individual consideration of the specific facts of each case. *First Union Nat'l Bank of Del. v. Bankers Wholesale Mortgage, LLC*, 153 N.C. App. 248, 253, 570 S.E.2d 217, 221 (2002). In making this determination, several factors should be considered:

> (1) the quantity of contacts between [the] defendants and North Carolina; (2) the nature and quality of such contacts; (3) the source and connection of [the] plaintiff's cause of action to any such contacts; (4) the interest of North Carolina in having this case tried here; and (5) convenience to the parties.

*Id.* Also relevant is "(1) whether [the] defendants purposefully availed themselves of the privilege of conducting activities in North Carolina, (2) whether [the] defendants could reasonably anticipate being brought into court in North Carolina, and (3) the existence of any choice-of-law provision contained in the parties' agreement." *Id.*

"[A] single contract can provide the basis for the exercise of jurisdiction over a nonresident defendant[.]" *Globe, Inc. v. Spellman*, 45 N.C. App. 618, 624, 263 S.E.2d 859, 863, *disc. review denied*, 300 N.C.

373, 267 S.E.2d 677 (1980). "The mere act, however, of entering into a contract with a resident of a forum state will not provide sufficient minimum contacts with that forum." *Tutterrow v. Leach*, 107 N.C. App. 703, 708, 421 S.E.2d 816, 820 (1992). Nonresident defendants must engage in acts by which they "purposefully avail[] [themselves] of the privilege of conducting activities within the forum State" to support a finding of minimum contacts. *Globe*, 45 N.C. App. at 624, 263 S.E.2d at 863. In *Globe*, we affirmed the trial court's conclusion that an exercise of personal jurisdiction would violate due process. We noted

> that the contract was entered into outside of North Carolina; that the contract [was] governed by the law of another state; that there [was] no provision in the contract requiring [the] defendant to perform services within North Carolina; that [the] defendant [had] performed all services under the contract outside of North Carolina; and that for the life of the contract [the] defendant [had] not been in [North Carolina] for any purpose.

*Id.* at 624-25, 263 S.E.2d at 863. Our Court concluded that the defendant's connection to North Carolina was "far too attenuated, under the standards implicit in the Due Process Clause of the Constitution, to justify imposing upon [the defendant] the 'burden and inconvenience' of defense in North Carolina." *Id.* at 625, 263 S.E.2d at 864 (quoting *Kulko v. California Superior Court*, 436 U.S. 84, 91, 56 L. Ed. 2d 132, 141, *reh'g denied*, 438 U.S. 908, 57 L. Ed. 2d 1150 (1978)).

Applying these principles to the present case, we conclude that finding personal jurisdiction as to either Defendant would violate due process. Although the document attached to Defendants' motion to dismiss appears to reflect an agreement between STI, a resident of North Carolina, and Effective Minds, this alone will not necessarily support a finding that Effective Minds or Gulati had minimum contacts with North Carolina. *See Tutterrow*, 107 N.C. App. at 708, 263 S.E.2d at 820. Further, the contract provided that it would be governed by Delaware law. The contract does not reveal where it was entered into nor does any other evidence in the record. Nothing in the contract specified that any work performed under the contract was to be performed in North Carolina. In fact, according to Gulati's affidavit, the STI personnel involved in the project did not originate from North Carolina and the work performed was completed in New Jersey and Texas, not in North Carolina. Gulati's affidavit also stated she had never been to North Carolina. Therefore, as in *Globe*, we cannot con-

clude that Effective Minds had the requisite contacts with North Carolina to support the exercise of personal jurisdiction over it.

We come to the same conclusion with regard to Gulati. The record is devoid of any action taken by Gulati in her individual capacity which would permit our courts to exercise personal jurisdiction over her. A "plaintiff may not assert [personal] jurisdiction over a corporate agent without some affirmative act committed in [the corporate agent's] individual official capacity." *Godwin v. Walls*, 118 N.C. App. 341, 348, 455 S.E.2d 473, 479 (1995). Indeed, in his brief, Plaintiff does not make any argument as to Gulati in her individual capacity.

Based on the foregoing, we conclude the trial court erred by concluding that Defendants had the minimum contacts necessary to sustain the exercise of personal jurisdiction over them. We therefore reverse the trial court's order and remand for entry of an order dismissing Plaintiff's complaint. As a result of our disposition of the personal jurisdiction issue, we need not address Defendants' remaining assignments of error.

Reversed and remanded.

Judges ELMORE and STEPHENS concur.